# CRIMINAL COMPLAINT

| United States District Court | DISTRICT of ARIZONA |
|---|---|
| United States of America<br>v.<br>Wei Sun<br>XX/XX/1971 | DOCKET NO.<br>SEALED<br><br>MAGISTRATE'S<br>19-08401MJ |

Complaint for violation of Title 22, United States Code § 2778

FILED ____ LODGED ____
RECEIVED ____ COPY ____
JAN 23 2019
CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY ____ DEPUTY

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:**

**Count 1:** On or about December 18, 2018, in the District of Arizona and elsewhere, the defendant **Wei Sun**, knowingly and willfully exported and caused to be exported from the United States to the People's Republic of China, a defense article, that technical data relating to a Field Programmable Gate Array, which was designated as a defense article on the United States Munitions List, without having first obtained from the Department of State a license for such export or written authorization for such export; in violation of the Arms Export Contro Act, Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and the International Traffic in Arms Regulations (ITAR) Title 22, Code of Federal Regulations, Section 121.1, 123.1, 125.2 and 127.1.

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**

As of December 2018, Wei Sun was employed as Electrical Engineer at Raytheon Missile Systems (RMS) in Tucson, Arizona. On 12/01/2018, Sun informed a RMS official of upcoming travel overseas and his intention to take with him a RMS-issued HP laptop computer. The RMS official knew that Sun was assigned to work on a RMS Ballistic Missile Defense (BMD) system project and believed that Sun's computer contained ITAR controlled data. The RMS official directed Sun that, because Sun was worked on a ITAR controlled project, he was not to take the RMS computer outside the United States as it contained export-controlled information, and that taking the computer overseas would be in violation of RMS company policy and prohibited under federal export control law. While outside the United States, on 01/07/2019 Sun accessed the RMS' computer network from his RMS laptop and, using his RMS email account, emailed a RMS official to stating that Sun was resigning from RMS in order to study and work overseas. After Sun returned to the United States, on 01/14/2019 a RMS official asked Sun if he had taken the RMS computer overseas, and Sun admitted that he had, in fact, taken the RMS computer which had contained ITAR controlled BMD information on his overseas trip, despite the instructions and warning that doing so violated, and was prohibited by, federal export control law. On 1/15/2019, Sun was interviewed by RMS security personnel. Sun initially told the RMS security personnel that he went to Singapore and the Philippines. After providing inconsistent information as to his travel itinerary, Sun admitted that he had travelled to China, Cambodia, and Hong Kong, and that while on travel he had knowingly took the RMS computer to China, despite RMS warnings and directions. Sun admitted that the RMS computer contained documents bearing ITAR warnings, schematics which he believed were likely ITAR controlled, and other previously generated ITAR documents. There is no information which indicates that Sun ever applied for or received the necessary export license to export the ITAR documents. On January 23, 2019, I met with Collin Sult, a RMS official, who holds the position at RMS of Senior Counsel for Global Trade Compliance, and has over fifteen (15) years of international trade compliance and is a licensed U.S. Customs Broker, certified Export Compliance Officer and Certified ITAR Professional. As such Sult has the expertise and training with regard to assessing and evaluating whether technical information and data relating to an RMS military project would constitute ITAR export controlled information and data. Sult examined the RMS Device in question and identified documents and files stored on the RMS Device as containing ITAR export controlled data concerning AMRAAM and the RKV programs which are ongoing air and missile defense system. Sult further confirmed that Sun was working on projects associated with this ITAR technical data and would have had access to these computer documents/files while working at RMS. Upon examination of the device, Sult also found IT Security software placed on Sun's laptop which in and of itself is export controlled. Based upon discussion with RMS officials, I have no reason to believe that either RMS, and RMS officials or Sun have ever applied for, or received, an export license from the Department of State which would have permitted Sun to export any ITAR technical data from the United States.

**MATERIAL WITNESS(ES) IN RELATION TO THE CHARGE:**

| | |
|---|---|
| DETENTION REQUESTED **19-08401MJ**<br>COMPLAINT REVIEWED by AUSA Beverly K. Anderson<br><br>*Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.* | SIGNATURE OF COMPLAINANT<br><br>OFFICIAL TITLE & NAME:<br>Michael Foster, Special Agent, FBI |
| Sworn to before me and subscribed in my presence.<br>SIGNATURE OF MAGISTRATE JUDGE | **DATE**<br>January 23, 2019 |

1) See Federal rules of Criminal Procedure Rules 3 and 54

Copies Distributed