MICHAEL BAILEY
United States Attorney
District of Arizona
BEVERLY K. ANDERSON
Arizona State Bar No. 010547
NICOLE P. SAVEL
Arizona State Bar No. 015958
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: bev.anderson@usdoj.gov
Email: nicole.savel@usdoj.gov

JOHN C. DEMERS
Assistant Attorney General
National Security Division
Trial Attorney
Counterterrorism Section
950 Pennsylvania Ave., NW
Washington, DC 20530
Telephone: (202) 233-2122
Email: will.mackie@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-19-00472-TUC-RM (JR) |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF EXPERT TESTIMONY |
| vs. | |
| Wei Sun, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby submits the following notice of its intent to utilize expert witness testimony during the trial, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This notice may be supplemented as additional information becomes available.

1. Colin T. Sult
    Senior Counsel, Global Trade
    Raytheon Missile Systems
    Tucson, Arizona

Colin Sult is a member of the Raytheon Global Trade Compliance team responsible for conducting investigations, audits, and assessments related to compliance with U.S. export controls. He will testify concerning the laws and regulations that govern export control law and defense trade, including the Arms Export Control Act (AECA), International Traffic in Arms Regulations (ITAR), and the United States Munitions List (USML). Mr. Sult may be viewed as a combination fact/expert witness in that he also participated in the initial identification of ITAR controlled documents and technical data stored in the defendant's work laptop that are subject to the export licensing jurisdiction of the Department of State.

2. Technical Expert(s), to be determined
   Raytheon Missile Systems
   Tucson, Arizona

The government will call a technical expert(s)/engineer as an expert witness who will testify to the nature of the computer files and technical data content identified in the indictment that renders the data ITAR controlled. The expert will further testify about missile defense design and technology, to include, but not limited to, Advanced Medium Range Air-to-Air (AMRAAM) missile technology and Stinger missile systems.

3. Expert, to be determined
   U.S. Department of State
   Directorate of Department of Defense Controls

A witness from the Directorate of Department of Defense Controls (DDTC) will be called at trial to testify about DDTC policy, licensing and compliance, and, as it relates to this matter, about the commodity jurisdiction determination for technical data as alleged in the indictment. The witness will testify that the Department of State determined that the technical data set forth in the indictment are designated as defense articles pursuant to the USML and are ITAR controlled. The witness shall also testify that the defendant never applied for nor received any export license to export the defense articles identified in the indictment.

4. Jessica Burke
   Global Trade Empowered Official
   Raytheon Missile Systems
   Tucson, Arizona

Jessica Burke, Global Trade Empowered Official for Raytheon Missile Systems, will testify as an expert on Raytheon's technical review process for its ITAR Jurisdiction Classification Assessments of the files and technical data set forth in the indictment. The testimony will include the determination that the technical data is ITAR controlled data subject to licensing requirements prior to export under the USML. Disclosure provided to the defense contains the specific findings as to the files/technical data.

5. Victor Gomez
   Senior Manager, Global Trade and Compliance/Empowered Official
   Raytheon Missile Systems
   Tucson, Arizona

Victor Gomez, Senior Manager of Global Trade and Compliance, manages a Raytheon team that is responsible for supporting compliance with export/import transactions and export laws and regulations. He will testify about Raytheon's general internal procedures and technical review process for its ITAR Jurisdiction Classification Assessments, along with compliance with export licensing requirements. Mr. Gomez will explain the processes in place regarding security, required clearances and employee travel as it relates to export licensing requirements for defense articles/technical data. Mr. Gomez may be viewed as a combination fact/expert witness in that he also participated in the initial identification of ITAR controlled documents and technical data stored in the defendant's work laptop that are subject to the export licensing jurisdiction of the Department of State.

6. Alan Vanderploeg
   Special Agent/Forensic Examiner
   Computer Analysis Response Team (CART)
   Federal Bureau of Investigation
   Phoenix Division/Tucson Residence Agency

FBI Special Agent Alan Vanderploeg will testify as an expert regarding the forensic examination conducted of laptops, computers, hard drives, sim cards, USB drives, other digital media, and cell phones seized and searched in this case. He will testify regarding the extraction process and results of the analyses conducted.

7. Mary Kohn
   Learning Management System Coordinator
   Raytheon Missile Systems
   Tucson, Arizona

Mary Kohn will provide testimony to explain the Learning Management System utilized at Raytheon to provide mandatory training to employees. Ms. Kohn will provide information that documents the training completed by the defendant while employed at Raytheon, to include Export-Import, IT Security, Classified Information Systems, Ethics and Department of Defense Security.

8. Jason Hilt
   Supervisor/Senior Hardware Design Engineer
   Raytheon Missile Systems
   Tucson, Arizona

Jason Hilt, Senior Hardware Engineer and previous supervisor of the defendant at Raytheon, will testify regarding the development and testing of circuit cards for missile systems and how these systems relate to the work performed at Raytheon by the defendant. The government considers Mr. Hilt to be a fact witness, but, in an abundance of caution, provides notice to the extent that Mr. Hilt may be considered a "hybrid" or a combination of fact/expert witness,

9. IT Systems expert, to be determined
   Raytheon Missile Systems

An IT Systems expert employed by Raytheon will testify regarding Raytheon's IT security and use policies. The expert will explain the analysis and findings surrounding the defendant's use of his Raytheon issued laptop to access the Raytheon VPN system, to

include prohibited use while on personal travel outside of the United States.

With respect to all the above-proposed expert witnesses described above, the testimony of a properly qualified expert witness should be admitted if it will "assist the trier of fact to understand the evidence or determine a fact in issue." FRE 702; See, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and *United States v. Bonds*, 12 F.3d 540 (6th Cir. 1993).

The above notice is provided in advance of trial and may be subject to change regarding the identification of the specific witness by the relevant company or government agency, witness availability, and depending on any stipulations or agreements, or other discussions between the parties. This notice is also being provided to avoid unnecessary delay at trial and to litigate in advance of trial any matters that may arise out of these proposed avenues of testimony.

Based upon the Government's compliance with Rule 16(a)(1)(G), the United States requests that the defendant provide reciprocal summary testimony notice of any expert witnesses, or subjects of expert testimony, in the above matter pursuant to Rule 16(b)(1)(C).

The Government reserves the right to supplement this notice with additional expert witnesses should the need for any come to light, based in part on the defendant's anticipated compliance with Rule 16(b)(1)(A), (B) and (C). The noticed experts' curriculum vitae have been or will be promptly provided upon receipt through the disclosure process.

Respectfully submitted this 17th day of January, 2020.

                MICHAEL BAILEY
                United States Attorney
                District of Arizona

                *s/Nicole P. Savel*

                NICOLE P. SAVEL
                Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 17th day of January, 2020 to:

Cameron A. Morgan
Counsel for Defendant Wei Sun