WS

~~E.M. BAIRD~~
~~Post-Conviction Relief Group~~
~~909 N. Adams Street, Ste. 846~~
~~Papillion, NE 68046~~
~~(480) 382-9287~~
~~info@per-consultants.com~~

WEI SUN
7146 W. FALL HAVEN W/A
TUCSON AZ.
85757

IN THE UNITED STATES DISCRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America | Case No.: CR-19-00472-001-TUC-RM |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| WEI SUN, | |
| Defendant | |

### i. INTRODUCTION

Defendant, WEI SUN, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 3-year term of supervised release began on October 5, 2021. Mr. Sun has already completed approximately more than half of his supervisory term. Mr. Sun is being supervised in the District Court of Arizona where he lives and works.

### ii. APPLICABLE LAW

Title 18, sec 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervise release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following Criteria to assess eligibility for early termination:

MOTION FOR EARLY TERMINATIONOF SUPERVISED RELEASE - 1

Offers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for accessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

1. Stable community reintegration (e.g., residence, family, employment);
2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision
3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
6. No recent evidence of alcohol or drug abuse;
7. No recent psychiatric episodes;
8. No identifiable risk to the safety of any identifiable victim; and
9. No identifiable risk to public safety based on the Risk Prediction Index (RP{}.

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Termination "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism."

Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]from a policy standpoint, it appears that he above criteria, when properly applied, does not jeopardize public safety." Id.

### iii. MR. SUN SATISFIEDS ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Sun satisfies all the factors set forth for early termination. He has completed all his term of supervision and has no need for programming or treatment. He has made full payment of Criminal Monetary Penalties. He has been placed in the Low Intensity Supervision and he had minimal special conditions and has fully complied with all of them. Notably, he has no conditions requiring any sort of programming or counseling, and none has been needed during the course of supervision. On the contrary, Mr. Sun has been attending Pima Community College, majoring in Heating, Ventilation, Air Conditioning program. During his supervision, he has been selected as the Trade Academy scholarship award due to his superior academic and job performance in HVAC field.

Mr. Sun was convicted of Violating Title 22, U.S.C. §2278(b)(2) and 2778(c), Export of Arms and Munitions, a Class C felony offense in October 2021, for which he received a thirty-eight months in custody. He served thirty-two months (85%) of prison time including good time. His supervision has likewise been without any incident. Mr. Sun has steady employment and residence. He has been slowly building up his credit history and the time lost due to the custody. His income and economic situation have been slowly improved though his intelligence and good working ethics.

Terminating Mr. Sun's supervised release would enable him to better support himself. Ending his supervised release will qualify him for more job opportunity and greater contribution to the local community.

This is the first criminal conviction for Mr. Sun. He has never had any interaction with judicial system prior to this conviction. He received his engineering degree in U.S. and has always demonstrated good working ethics. He has been suffering the consequences ever since being released from the custody. His experience in the system changed him profoundly and set him apart from the offenders who have

MOTION FOR EARLY TERMINATIONOF SUPERVISED RELEASE - 3

multiple convictions. This conviction and punishment has set him to a new life outlook and assure that recidivism is not issue for Mr. Sun.

The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Sun has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a value worker and citizen. He has achieved stable community reintegration in terms of housing, family and employment. He is in full compliance with all terms of supervision. He had no aggravated role in the offense, no violence or weapons in this offense, and is not using controlled substances. He has no psychiatric issues. He enjoys the support of his community including his HVAC employer and his college professor. He is an ideal candidate for early termination of supervised release based on every factor the Court must consider. Given Mr. Sun's commendable re-entry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Respectfully submitted,

DATED: MARCH 6, 2023.

*/s/ E.M. Baird*

E.M. BAIRD
Post-Conviction Relief Group

WEI SUN

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document has been served upon:

DISTRICT OF ARIZONA

U.S. ATTORNEY OFFICE

405 W. CONGRESS ST #4800, TUCSON, AZ 85701

DISTRICT OF ARIZONA

U.S. PROBATION

407 W. CONGRESS ST #200, TUCSON, AZ 85701

By placing the same, postage prepaid in the United States Mail on this March 6th day of 2023.

WEI SUN

Respondent Pro Se